**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PABLO DE LEON, JR.,**

        **CASE NO.:  6:20-CV-943-ORL-_____**

    **PLAINTIFF,**

**V.**

**T-MOBILE USA, INC. A FOREIGN**
**PROFIT CORPORATION,**

    **DEFENDANT.**

_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, the Plaintiff, PABLO DE LEON, JR. ("DeLeon"), by and through his undersigned counsel, and hereby files this Complaint against Defendant, T-MOBILE USA, INC. ("T-MOBILE" or Defendant), alleging as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Defendant T-MOBILE is a foreign profit corporation whose principal place of business is located in Belview, Washington.

2. Defendant's primary business is selling cellular telephone services and equipment to the public through its many store locations.

3. Plaintiff was employed at Defendant's store location in Seminole Town Center in Sandford, Seminole County, Florida.

4. Defendant was DeLeon's employer within the meaning of 29 U.S.C. §203(d) of the Fair Labor Standards Act ("FLSA").

5.      Defendant owns and operates cellular services and equipment stores in and around the Orlando, Florida area.

6.      Defendant guaranteed the wage payments made by Defendant to DeLeon (by making a wage payment to him).  As such, Defendant was DeLeon's employer within the meaning of 29 U.S.C. §203(d) of the FLSA.

7.      DeLeon was an employee of Defendant, as defined under 29 U.S.C. § 203(e)(1) of the FLSA.

8.      Defendant employed DeLeon within the meaning of 29 U.S.C. §203(g) of the FLSA.

9.      At all times material hereto, DeLeon was "engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1) of the FLSA.

10.     At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

11.     At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

12.     Upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

13.     At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

14.     This Court has original jurisdiction over DeLeon's claims arising under the FLSA pursuant to 28 U.S.C. §1331.

15.      Venue is appropriate in this jurisdictional district under 28 U.S.C §139(b) because the events that gave rise to DeLeon's Complaint occurred in the Middle District of Florida.

## STATEMENT OF FACTS

16.      DeLeon began his employment with Defendant T-Mobile on or around April 13, 2015.

17.      DeLeon was hired by Defendant T-MOBILE as a Sales Associate and was paid an hourly rate for services performed as a Sales Associate.

18.      On or about August 4, 2018, DeLeon was promoted to the position of Assistant Manager and was paid an hourly rate of $18.50 per hour in that position.

19.      Plaintiff's employment was terminated on or about July 30, 2019.

20.      For each year of the over four (4) years DeLeon was employed by Defendant he was required to perform work-related tasks "off the clock" and was never paid for any of that time.

21.       DeLeon was specifically told by Defendant's management employees not to clock in for the work-related tasks that he performed for Defendant on a consistent basis.

22.      From the beginning of Plaintiff's employment with Defendant he was required to participate in mandatory store chats and district chats that were active every day and involved work-related conversations. DeLeon was told not to clock in for these mandatory store and district chats.

23.      DeLeon was also required to take customer calls on his cellular phone after hours on a consistent basis and was not paid for any of these work-related customer calls

during which he would assist customers with their cellular telephone issues. When DeLeon asked if he could clock in for these work-related calls, he was told that would be "time fraud" and denied the opportunity to clock in and be paid for the work-related after hours calls.

24.     DeLeon was also required to attend work-related meetings after hours and was not paid for any of these work-related meetings. These meetings took place at bowling alleys and restaurants and Plaintiff was told that he was not permitted to clock in for any of these work-related meetings.

25.     DeLeon was also required to participate in work-related meetings with management after hours at which they would discuss the days' business. DeLeon was not permitted to clock in for any of these meetings some of which lasted for hours.

26.     Once DeLeon became an Assistant Manager, he was required to respond to the store alarm when it went off after hours early in the morning or in the middle of the night. DeLeon lived over forty minutes away from the store location. He was told he could not clock in for any of this time and was never paid for any of the time he spent responding to these alarm calls.

27.     DeLeon was further required to attend work related community events after hours to drive sales. He was told by the District Manager that he was not permitted to clock in for any of these community events and was never paid for them.

28.     On Sunday mornings when DeLeon was scheduled to work he was required to come to the store location one hour early and clean the store, which was not part of his job, and he was told he could not clock in for any of this time. DeLeon was never paid for any of the hours he spent cleaning to store on Sunday mornings.

29.     DeLeon was consistently interrupted with work-related issues during his lunch breaks and was told not to clock back in when his lunch break was interrupted. DeLeon was not paid for any of the time he spent on his lunch break on work-related issues.

30.     During DeLeon's paid time off he was consistently required to respond to calls and engage in work related telephone calls and meetings for which he was never paid.

31.     DeLeon earned wages over the course of his employment that remain unpaid as of this date.

32.     As a result of Defendant's unlawful actions, DeLeon was not paid for numerous hours of work that he was required to perform by Defendant during the course of his employment.

## COUNT I –UNPAID OVERTIME WAGES

33.     DeLeon re-alleges and adopts herein the allegations contained in paragraphs 1-32 above.

34.     This is an action against Defendant T-MOBILE, for unpaid overtime wages, interest, costs and attorneys' fees.

35.     DeLeon is entitled to recover unpaid overtime compensation owed to him pursuant to the FLSA, 29 U.S.C. §201.

36.     Section 7(a) of the FLSA requires overtime pay at a rate of not less than one and one-half times an employee's regular rate of pay after an employee exceeds forty (40) hours of work in a workweek.  29 U.S.C. §207(a).

37.     DeLeon was not paid proper or accurate overtime compensation by Defendant in an amount equal to one and one-half times DeLeon's regular rate of pay for all hours worked in excess of forty (40) per workweek in violation of Section 7(a) of the FLSA.

38.     As a direct and proximate result of the Defendant's failure to pay overtime compensation, DeLeon been damaged in the loss of wages due.

39.     As a result of Defendant's actions, DeLeon was required to engage the services of the undersigned counsel and is obligated to pay them a reasonable fee for their services.

40.     The Defendants' failure to pay overtime was deliberate, willful, without good faith or any legal justification, and is a violation of the FLSA. Consequently, DeLeon is entitled to liquidated damages.

WHEREFORE, Plaintiff, PABLO DE LEON, JR., respectfully prays for the entry of judgment against Defendant, T-MOBILE USA, INC., for overtime compensation, liquidated damages, interest, costs and attorneys' fees, and such other relief as this Court deems just, proper and equitable.

## COUNT II – UNPAID MINIMUM WAGE

41.     DeLeon re-alleges and adopts herein the allegations contained within Paragraphs 1-32 above.

42.     This is an action against Defendant T-Mobile, for unpaid minimum wages, interest, costs and attorneys' fees.

43.     DeLeon was entitled to be paid minimum wages for each hour worked during his employment with Defendants.

44.     DeLeon's employment ended with Defendant on or about July 13, 2019.

45.     Since then, DeLeon has demanded compensation for all hours worked, but Defendant has failed and refused to compensate him for same.

46.     Defendant willfully failed to pay DeLeon at least the minimum wages due in contravention to 29 U.S.C. §206.

47.     As a direct and proximate result of the Defendant's deliberate underpayment of wages, DeLeon has been damaged in the loss of minimum wages for his work.

48.     As a result of Defendant's action, DeLeon was required to engage the services of the undersigned counsel and is obligated to pay them a reasonable fee for their services.

49.     The Defendant's failure to pay DeLeon his minimum wages was deliberate, willful, without good faith or any legal justification, and is a violation of the FLSA. Consequently, DeLeon is entitled to liquidated damages.

WHEREFORE, Plaintiff, PABLO DE LEON, JR., respectfully prays for the entry of judgment against Defendant, T-MOBILE USA, INC., for minimum wages, liquidated damages, interest, costs and attorneys' fees, and such other relief as this Court deems just, proper and equitable.

## **COUNT III –UNPAID WAGES**

50.     DeLeon re-alleges and adopts herein the allegations contained within Paragraphs 1-32, above.

51.     This is an action against Defendant T-MOBILE USA, INC., for unpaid wages under Florida Statute §448.08, interest, costs and attorneys' fees

52.     Despite DeLeon's reasonable attempts to obtain payment of these earned monies, Defendant has failed and refused to make payment as required by Florida Statute Chapter 448.

WHEREFORE, Plaintiff, PABLO DE LEON, JR., respectfully prays for the entry of judgment against Defendant, T-MOBILE USA, INC., for unpaid wages, interest, costs and attorneys' fees, and such other relief as this Court deems just, proper and equitable.

### DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues in this case so triable.

DATED this 30th day of May 2020.

Respectfully submitted,

**BURRUEZO & BURRUEZO, PLLC**

By:    /s/ Carlos J. Burruezo, Esq.
**CARLOS J. BURRUEZO, ESQ.**
Florida Bar Number 843458
carlos@burruezolaw.com
docketing@burruezolaw.com
**BERTHA L. BURRUEZO, ESQ.**
Florida Bar Number 596973
bertha@burruezolaw.com
**DEBORAH E. FRIMMEL, ESQ.**
Florida Bar Number 93970
deborah@burruezolaw.com
911 Outer Road
Orlando, Florida 32814
Office: 407.754.2904
Facsimile: 407.754.2905

Attorneys for Plaintiff, PABLO DE LEON, JR.

4851-3428-3709, v. 1